O’NIELL, C. J.
 

 W. K. Pryor married Rosetta Trammell on the 10th of April, 1873. She died on the 15th of March, 1901; and he married Sallie Barron, the defendant in this suit, on the 24th of July,, 1901. He died on the 14th of February, 1922, leaving a will in which he gave his entire estate to his widow, Sallie Barron Pryor, as universal legatee. There were no children born of either marriage. The heirs at lUw of the first wife, Rosetta Trammell Pryor, were a brother, named W. A. Trammell, a sister, named Lou Trammell Heard, and a nephew and two nieces, namely, T. B. Breazeal, I)ollie Breazeal Elliott, and Sallie Breazeal Heard — they being the children of Mollie Trammell Breazeal, deceased sister of Mrs. Rosetta Trammell Pryor. Her estate consisted .of her half interest in the community property; which consisted of farm lands in Union parish, appraised at $8S0, and movable property appraised at $1,034. The estate of Mrs. Rosetta Trammell Pryor was appraised, therefore, at $957. The inventory and appraisement were made under orders of court, in response to the petition of W. K. Pryor to be maintained in possession of his half of the community estate as owner, and of the half interest belonging to the estate of his deceased wife, as usufructuary, and to have the bond fixed which he should give to secure the interests of the heirs of his wife. In November, 1904, W. A. Trammell and Mrs. Lou Trammell Heard brought suit against W. K. Pryor to compel him to increase the appraisement of the estate of his deceased wife, and to sell the movable property and lease the real estate. In response to the suit, Pryor asked to be allowed to furnish such bond as the court might fix, to secure the interests of W. A. Trammell and Mrs. Lou Trammell Heard, and showed that he had paid, subsequent to the death of his wife, cqmmunity debts amounting to $400, and had settled with the son and two daughters of the deceased, Mrs. Breazeal, and had taken their receipts for their third interest in the.estate of the deceased Mrs. Rosetta Trammell Pryor. The receipt signed by Mrs. Sallie Breazeal Heard and her husband is in the following words and figures: “Received of W. K. Pryor my whole interest in Aunt Rosetta Pryor’s estate, this March the 7th, 1902.” The receipt signed by Mrs. Dollie Breazeal Elliott and her husband is in the following words and figures: “Received of W. K. Pryor my full interest in my Aunt Rosetta Pryor’s estate, this March 10th, 1902.” The receipt signed by T. B. Breazeal is in the following words and figures: “Received of W. K. Pryor my whole and entire interest in my Aunt Rosetta Pryor’s estate, this Aug. the 2nd, 1902.” On the showing made, the judge of the district court ordered W. K. Pryor to give bond as usufructuary, in favor of "W. A. Trammell for $300, and in favor of Mrs. Lou Trammell Heard for $300. On the 6th of May, 1905, W. K. Pryor settled with W. A. Trammell and Mrs. Lou Trammell Heard for their interests in the estate of their deceased sister, and took a receipt from each of them, as follows: “Received of W. K. Pryor my full interest in my sister Rosetta Pryor’s estate, this May the 6th, 1905.” The two receipts, together with the three which had been given by the three Breazeal heirs, were recorded in the conveyance records of Union parish on the 19th of
 
 *827
 
 May, 1905, as acts of conveyance from the signers of the receipts to W. K. Pryor.
 

 Mrs. Lou Trammell Heard died about sixteen years ago, leaving as her heirs at law three sons and three daughters. The plaintiffs in this suit are W. A. Trammell, and the son and two daughters of the deceased Mrs. Mollie Trammell Breazeal, and the three sons and three daughters of the deceased Mrs. Lou Trammell Heard. The plaintiffs, therefore, are all of the heirs of the deceased Mrs. Rosetta Trammell Pryor. They claim half of the farm lands, and $1,500 as the value of half of the movablé property, which belonged to the marital community between W. K. Pryor and Mrs. Rosetta Trammell Pryor. The defendant is the widow and universal legatee of W. K. Pryor. The district court gave judgment for the defendant, rejecting the plaintiffs’ demands and dismissing their suit. They have appealed from the decision.
 

 The attorneys for the appellants have not filed a brief or argued the case orally; from which it might well be inferred that they have come to the conclusion that the judgment appealed, from is correct. That is our conclusion. The signatures on the receipts which the heirs of Mrs. Rosetta Trammell Pryor gave to W. K. Pryor were proven and acknowledged to be genuine on the trial of the case. Mrs. Sallie Breazeal Heard acknowledged that she had signed the receipt, .but denied that she had received a consideration, or any part of the estate. The testimony of other witnesses shows that she did receive some articles belonging to the estate, and had a settlement with W. K. Pryor, which satisfied her at the time of the settlement; and that is true as to all of the heirs who gave their receipts. There was no plea of want of consideration, or attack upon the receipts, in the plaintiffs’ petition. In fact, the receipts were not mentioned in the petition. It is true that the receipts are not in the form of a transfer of an interest in the estate; but, between the parties, that was the purpose and effect of the settlements, of which the receipts are the evidence. The parties to this suit are the original parties to the settlements, and the heirs of one of the original parties; and, without a showing of fraud or overreaching on the part of the other party to the settlements, the plaintiffs are bound by the written acknowledgments in the form of receipts.
 

 The judgment is affirmed.